TEXTO COMPLETO DE LA RESOLUCIÓN
Comparece ante nos el Estado Libre Asociado de Puerto Rico (el ELA o el peticionario), por conducto de la Oficina del Procurador General, en el recurso de certiorari de epígrafe. Nos solicita que revoquemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (el TPI) el 14 de abril de 2008 y notificada el siguiente día 24. Por medio de dicho dictamen, el TPI se negó a reconsiderar su previa Resolución y decretó que, conforme a la Regla 15.1 de Procedimiento Civil, procedía la sustitución del *1179 demandante original, quien había fallecido antes de la presentación de la demanda de impugnación de confiscación, por sus hijos.
Analizado el recurso y derecho aplicable, resolvemos denegar el auto de certiorari solicitado.
I
El 5 de octubre de 2005 se presentó ante el TPI una demanda sobre impugnación de confiscación en contra del ELA, el Departamento de Justicia y el entonces Secretario de Justicia, el Lie. Roberto Sánchez Ramos, en la que figuró como demandante el Sr. Rafael Pizarro Meléndez (el Sr. Pizarro). En ésta se alegó que el 5 de agosto de 2005, el ELA confiscó el vehículo marca Ford, modelo F-150, Tablilla 620-736 del año 1999 y que tal confiscación se realizó sin la existencia de prueba suficiente y preponderante.
El 6 de diciembre de 2005, el ELA presentó su Contestación a Demanda. Negó la mayoría de las alegaciones, incluyendo la confiscación y expuso que de haber existido, ésta se llevó a cabo en el ejercicio de un deber ministerial y acorde con la Ley Núm. 93 de 13 de julio de 1988, según enmendada.
El 14 de junio de 2006, la Sra. Aida Luz Arzuaga Santana (Sra. Arzuaga) presentó escrito titulado Moción Omnibus, por sí y en representación de sus hijos Rebeca Pizarro Arzuaga (de 19 años) y Rafael Daniel Pizarro Arzuaga (de 17 años). Adujo que el Sr. Pizarro falleció el 24 de octubre de 2000 y que el 13 de noviembre de 2001 los referidos menores fueron declarados como sus únicos herederos. Explicó que la demanda de impugnación de confiscación se presentó a nombre del Sr. Pizarro porque éste era quien aparecía como titular del vehículo confiscado en el Departamento de Transportación y Obras Públicas. Por ello, solicitó al TPI que la autorizara a enmendar la aludida demanda para incluirla como parte demandante junto a sus hijos.
El 26 de junio de 2006, el TPI accedió a la solicitado y declaró ha lugar la sustitución de partes. También señaló el juicio para el 7 de noviembre de 2006 aunque no se celebró. No obstante, surge de la Minuta de dicha vista que el representante legal de la Sra. Arzuaga explicó que la mencionada demanda se presentó a nombre del Sr. Pizarro por un error oficinesco del abogado que había manejado el caso anteriormente. Sostuvo que la intención del referido abogado fue presentar como demandante al hijo del Sr. Pizarro, pero que por error incluyó el nombre del padre porque la notificación de la confiscación y la licencia del vehículo estaban a nombre de éste. Luego de la vista, el TPI reseñaló el juicio para el 8 de mayo de 2008.
Tras varias incidencias procesales, el 15 de enero de 2008 se presentó una demanda enmendada en la cual figuraron como demandantes Rafael Pizarro Arzuaga y Rebecca Pizarro Arzuaga. Entre sus alegaciones expusieron que:

“[L]os alegados actos delictivos que sirvieron de base para la confiscación aquí aludida fueron cometidos por un tercero sin interés propietario alguno sobre el automóvil incautado. En adición a este hecho, todos los cargos provenientes del evento que motivó la confiscación fueron archivados antes de llegar a etapa de juicio. Por lo tanto[,] el que el automóvil aquí aludido permanezca incautado resulta irrazonable y excesivamente oneroso para la Parte Demandante. ” 
[1]

Además, ese día presentaron una moción de sentencia sumaria en la que adujeron que por no existir controversia sobre los hechos, se dictara sentencia a su favor ordenando la devolución del vehículo confiscado.
Por su parte, el 17 de enero de 2008, el ELA presentó Moción en Solicitud de Desestimación por Falta de Jurisdicción. Argüyó que el Artículo 8 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723(f), dispone que las confiscaciones se pueden impugnar en un término jurisdiccional de treinta (30) días contados desde la notificación. A base de ello, argüyó que la reclamación incoada a nombre del Sr. Pizarro no interrumpió el aludido término jurisdiccional, pues el TPI no adquirió jurisdicción sobre él, ya que falleció *1180 previo a la presentación de la referida demanda y su sucesión no tenía personalidad jurídica para incoarla.
Luego, el 24 de enero de 2008, el peticionario presentó Moción en Oposición a Demanda Enmendada y a Solicitud de Sentencia Sumaria y Reiterando Solicitud de Desestimación. Adujo nuevamente que los recurridos no presentaron su demanda dentro del término jurisdiccional dispuesto para ello, ya que la demanda original era nula e ineficaz al ser presentada a nombre de una persona fallecida. Objetó la sustitución de los recurridos como demandantes porque éstos no cumplieron con los términos dispuestos en la Regla 22 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 22, eran menores de edad y no tenían personalidad jurídica para demandar o ser demandados.
Por su parte, el 31 de enero de 2008, los recurridos presentaron Moción Solicitando Sentencia Sumaria. Alegaron que el TPI tenía jurisdicción para atender la demanda original, pues fue presentada dentro del término jurisdiccional de los treinta (30) días desde la notificación de la confiscación. Explicaron que el hecho de la demanda haberse presentado a nombre del fenecido Sr. Pizaixo no era razón para desestimarla. Argüyeron que, por'el contrario, el TPI actuó conforme a derecho al permitir la sustitución de parte según lo dispuesto en la Regla 15.1 de Procedimiento Civil. Sostuvieron que por ser los herederos del Sr. Pizarro tenían un interés propietario sobre el bien incautado y por ello tenían legitimación activa para hacer la reclamación. A tales fines, expresaron:

“12. Que la parte demandante al momento de presentar su Demanda original se somete a la jurisdicción del Honorable Tribunal. Una vez se hace la enmienda y sustitución que este Tribunal ya permitió, se debe ver la acción como si el pleito se hubiere incoado desde un principio por las personas con derecho a hacerlo, de acuerdo con el texto de la Regla ¡5.1 de Procedimiento Civil, arriba citada. Estas personas lo son Rafael Daniel Pizarro Arzuaga y Rebecca Pizarro Arzuaga, los miembros de la sucesión de Rafael Pizarro Meléndez.

13. Que al haberse cumplido con todos los términos para demandar y emplazar pertinentes a una acción del tipo de la que aquí se atiende, este Honorable Tribunal tiene jurisdicción sobre la persona de la parte demandada. ” 
[2]

Posteriormente, el 7 de febrero de 2008, los recurridos presentaron Moción en Oposición a Solicitud de Desestimación. Señalaron que la Regla 22 de Procedimiento Civil, supra, no les era aplicable porque no se trataba de un caso donde una de las partes muere durante el proceso judicial, sino de una causa de acción que siempre les perteneció y no a su difunto padre. En cuanto al argumento del peticionario de que éstos no tenían legitimación activa por ser menores de edad, los recurridos aclararon que al presentar la Demanda Enmendada ya habían sido emancipados.
Atendida la aludida controversia entre las partes, el 25 de febrero de 2008, el TPI emitió una Resolución en la cual determinó que tenía jurisdicción para atender el caso, ya que desde el 26 de junio de 2006 había autorizado la sustitución de parte y que el error original había quedado subsanado de conformidad con la Regla 15.1 de Procedimiento Civil, supra. Insatisfecho con lo así resuelto, el ELA solicitó una reconsideración, la cual fue acogida por el TPI.
El 14 de abril de 2008, el TPI emitió la Resolución recurrida por medio de la cual declaró no ha lugar la referida reconsideración y reiteró la procedencia de la sustitución de parte. Tal dictamen fue notificado el 24 de abril de 2008.
Inconforme aún, el 27 de mayo de 2008, el ELA presentó el recurso de epígrafe. Señaló como único error lo siguiente:
“Erró el Honorable Tribunal de Primera Instancia, Sala de San Juan, al decretar la sustitución de un *1181 demandante que había fallecido antes de la radicación de la demanda, bajo la Regla 15.1 de Procedimiento Civil, a pesar de que la demanda instada en representación de una parte ya fallecida no surte efecto legal alguno. ”
En síntesis, alegó que una persona fallecida no tiene capacidad jurídica para demandar, por lo que la demanda original instada a nombre del fenecido Sr. Pizarro, era nula. Argüyó que dicha demanda no interrumpió el término jurisdiccional para instar la acción de impugnación de confiscación porque no tuvo efecto jurídico alguno y la sucesión no podía ratificar lo que desde su inicio no tenía validez. Acorde con ello, expresó lo siguiente:

“La radicación de una acción a nombre de una persona inexistente, en este caso una persona fallecida, no tiene efecto jurídico alguno. El sustituir una persona que estaba muerta al momento de instarse la acción a su nombre por las personas que componen su sucesión, es a nuestro juicio un subterfugio para burlar el término jurisdiccional establecido en la Ley Uniforme de Confiscaciones. Ciertamente, las personas con derecho a instar la acción de impugnación de confiscación en este caso eran los miembros de la sucesión, quienes no ejercieron su derecho a tiempo; por lo tanto, el tribunal de instancia no tiene jurisdicción para adjudicar la controversia trabada. [...]”. 
[3]

Añadió que los recurridos no presentaron prueba que evidenciara que hubo un error oficinesco en el epígrafe de la demanda original. Además, sostuvo que no fue razonable el término transcurrido para solicitar la sustitución de parte porque los recurridos la solicitaron aproximadamente ocho (8) meses después de presentada la demanda.
Por su parte, el 13 de junio de 2008, los recurridos presentaron Moción en Contra de que se Acoja Recurso de Certiorari. Explicaron que el error de presentar una demanda a nombre de una persona fallecida fue uno oficinesco. Adujeron que su intención no fue sustituir una parte por otra, sino corregir un nombre equivocado en el epígrafe, ya que desde el momento de la presentación de la demanda éstos eran la parte con interés en la acción y los titulares del derecho. Enfatizaron que cumplieron a cabalidad con la Ley Uniforme de Confiscaciones, al presentar la demanda dentro del término jurisdiccional para ello y con la Regla 15.1 de Procedimiento Civil, supra, al solicitar la sustitución según lo allí provisto. En cuanto al argumento sobre la irrazonabilidad del término para solicitar la sustitución de parte, expusieron que según la Regla 15.1 de Procedimiento Civil, supra, el término se toma desde “luego de levantarse la objeción" y no desde que se presentó la demanda. Por último, hicieron hincapié en que merecían que su caso se viera en los méritos.
Además del aludido escrito, el 30 de junio de 2008, los recurridos presentaron Alegato en Respuesta a Escrito de Certiorari en el cual reiteraron sus previos argumentos. Además, argüyeron que el auto de certiorari había sido presentado fuera del término para ello, pues la Resolución recurrida se notificó el 24 de abril de 2008 y no fue hasta el 27 de mayo de 2008 que el ELA presentó el recurso de epígrafe, es decir, pasados los treinta (30) días.
Atendemos en primer término este último planteamiento. El argumento de los recurridos respecto a que el recurso de epígrafe se presentó tardíamente es incorrecto. Según el expediente de autos, la Resolución recurrida fue notificada el 24 de abril de 2008. Al contar los treinta (30) días del plazo para presentar el recurso de certiorari, el último día lo era el 24 de mayo de 2008. Al ser ese día sábado, el término se corre al próximo día hábil que en este caso era el martes 27 de mayo, ya que el lunes 26 de mayo de 2008 fue feriado. De este modo, concluimos que el recurso se presentó a tiempo.
Procedemos a atender el recurso propiamente.
*1182 i — i
A
El auto de certiorari, 32 L.P.R.A. sec. 3491 et seq., es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Pueblo v. Colón Mendoza, 149 D.P.R. 630 (1999). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de certiorari de manera discrecional. Esta discreción, en nuestro ordenamiento jurídico, ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. Negrón v. Srio. de Justicia, 154 D.P.R. 79 (2001).
Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de certiorari, la Regla 40 del Reglamento de este Tribunal, promulgado por el Tribunal Supremo el 20 de julio de 2004, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de certiorari. La referida regla dispone lo siguiente:

“El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.” 4 L.P.R.A. Ap. XXII-B, R. 40. (Supl. 2006)
B
Por otra parte, la Regla 15.1 de Procedimiento Civil, 32 L.P.R.A., Ap. Ill, R. 15.1, dispone lo siguiente:
“Todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama, pero una persona autorizada por ley podrá demandar sin el concurso de aquélla para cuyo beneficio se hace la reclamación; y cuando por ley así se disponga, podrá presentarse una reclamación a nombre del Estado Libre Asociado de Puerto Rico para beneficio de otra persona. No se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la radicación del pleito, o se una al mismo o se sustituya en lugar del promovente, y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiere incoado por la persona con derecho.” (Énfasis nuestro)
*1183 Por tanto, dicha regla establece como norma general que todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama. Allende Pérez v. García, 150 D.P.R. 892 (2000). El concepto de “parte realmente interesada" significa la persona que posee el derecho que se pretende poner en vigor. Asoc. Res. Est. Cidra v. Future Dev., 152 D.P.R. 54 (2000).
No obstante, la propia Regla establece una excepción a la norma general al disponer que no se desestimarán los casos por razón de no tramitarse a nombre de la persona que tiene el derecho que se reclama. Acorde con ello, provee el mecanismo para subsanar dicha situación, a saber, concederle un término razonable a la persona para que, mediante enmienda, ratifique la presentación del pleito, se una al mismo o se sustituya en lugar del promovente. De este modo, la enmienda se retrotrae al inicio del pleito y tendrá el mismo efecto que si el pleito se hubiere incoado por la persona con el derecho que se reclama.
Sobre la Regla 15.1 de Procedimiento Civil, supra, nos indica el Profesor Hernández Colón que:
“Las Reglas de 1979, siguiendo el principio de subsanabilidad -que el proceso es un instrumento para declarar derechos y no para denegarlos por defectos de forma-, reprodujeron la Regla 15.1 de 1958 con un precepto de la Regla federal 17(a), según enmendada en 1966, que establece que no se desestimará ningún pleito que no haya sido radicado por la persona con derecho a lo reclamado, sin haberle concedido a la parte realmente interesada la oportunidad de ratificar la radicación, unirse al pleito o sustituirse en lugar del demandante original. ” [4]
El propósito de la última parte de esta regla es evitar la pérdida de un derecho y que se cometa una injusticia, permitiendo que mediante enmienda, se ratifique o se sustituya al titular del derecho y que la enmienda se retrotraiga al inicio del pleito, aun cuando el término prescriptivo ya hubiese vencido al momento de presentarse la enmienda. Esta disposición es cónsona con la consistente política pública de liberalidad en la interpretación y aplicación de las reglas y normas procesales a favor de que los casos se diluciden y resuelvan en los méritos. Véase, Allende Pérez v. García, 150 D.P.R. 892 (2000); Martínez v. Soc. de Gananciales, 145 D.P.R. 93 (1998).
Es deber del tribunal adjudicador permitir y promover la incorporación al pleito de las partes realmente interesadas con el propósito de verificar la existencia de una controversia real que exige un remedio por parte de los tribunales. El hecho de que el reclamante no sea la persona que por ley tiene la capacidad de exigir el derecho que se reclama, no significa que la acción presentada deba ser inmediatamente desestimada. Para todos los fines legales, la acción tendrá el mismo efecto que si el pleito se hubiese incoado por la persona legalmente capacitada para hacerlo si tal persona con capacidad, habiéndole sido concedido un término razonable por el tribunal, se une al pleito o se sustituye en lugar del promovente original. Ríos Rosario v. Vidal, 134 D.P.R. 3 (1993).
III
El ELA alega que el TPI erró al permitir la sustitución de un demandante que había fallecido antes de presentarse la demanda por sus herederos así declarados. Aduce que no procedía la sustitución a tenor de la Regla 15.1 de Procedimiento Civil, supra, porque el promovente original, al estar muerto, no tenía capacidad jurídica para demandar. Así, arguye que la demanda original presentada dentro del plazo de 30 días a nombre del Sr. Pizarro para impugnar la confiscación no surtió efecto legal alguno.
Cónsono con ello, sostiene que el TPI no tenía jurisdicción para atender la reclamación de los recurridos una vez sustituidos por el demandante original, pues la demanda enmendada fue presentada por ellos fuera del término jurisdiccional que dispone la Ley Uniforme de Confiscaciones, supra, por lo que no se podía retrotraer a la fecha de la demanda original.
*1184 Al estudiar la Regla 15.1 de Procedimiento Civil, supra, advertimos que ésta establece como regla general que los pleitos se tramitarán a nombre de la persona que por ley tenga el derecho que se reclama. No obstante, la propia Regla reconoce que pudiera surgir la situación en que una reclamación judicial fuese presentada por una persona distinta al titular del derecho. Ante tal circunstancia, la Regla 15.1 de Procedimiento Civil dispone del medio legal para remediar la situación de la siguiente manera:
“No se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la radicación del pleito, se una al mismo o se sustituya en lugar del promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiere incoado por la persona con derecho. ” (Enfasis nuestro)
Por consiguiente, la Regla expresamente prohíbe que se desestime un pleito por el mero hecho de haber sido presentado por una persona que no es el titular del derecho que se reclama. Así, provee como remedio que una vez se levante la objeción, se le dé un tiempo razonable a la persona tenedora del derecho para que: ratifique la radicación del pleito, se una al mismo o se sustituya en lugar del promovente. Además, hace la salvedad de que una vez la persona con el derecho enmiende la reclamación por la ratificación, la unión o la sustitución, tal enmienda se retrotraerá a la presentación original, ya que tendrá el mismo efecto como si la persona con el derecho hubiese incoado la acción.
Como mencionáramos, la Regla 17(a) de Procedimiento Civil federal, 28 U.S.C., es la px-opulsora de nuestra Regla 15.1. [5]
Los tratadistas Wright, Miller and Kane nos explican que la última oración de la aludida Regla, similar a la nuestra, ha sido aplicada de manera liberal.
“At the same time, the last sentence of Rule 17(a) was added to provide that the failure to join the real party in interest at the commencement of the action does not require dismissal. Instead, the real party in interest can be joined or substituted and the action continued as if it had been instituted in that party’s name. The Advisory Committee in its Note to the 1966 amendment of Rule 17(a) stated that the purpose of the addition was to keep the real party in interest provision in line with the law as it was developing. ‘Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed. ’ ” (Citas omitidas) (Énfasis nuestro) [6]
Al respecto, añaden que:
“The final sentence in Rule 17(a) is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought. Thus, a correction in parties is permitted even after the statute of limitations governing the action has run. This provision reflects the general policy of the draftsmen of the federal rules that the choice of a party at the pleading stage ought not have to be made at the risk of a final dismissal of the action should it later appear that there had been an error. In this respect, the rule is consistent with the liberal relation back provision in Rule 15(c). Indeed, Rule 15(c) has been used in conjunction with Rule 17(a) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed. The same result could have been reached solely on the basis of the last sentence in Rule 17(a). ” (Citas omitidas) [7]
Cónsono con lo anterior, colegimos que el propósito de nuestra Regla 15.1 es que las acciones judiciales sean presentadas por las personas con derecho para ello. Sin embargo, reconoce que en ciertas circunstancias, ya sea por error o inadvertencia, etc., un pleito puede ser presentado por persona distinta a la que por ley tiene el derecho que se reclama. Ante tal situación, la Regla claramente permite que la persona con derecho a reclamar *1185 se sustituya en la posición del reclamante original y rechaza la desestimación. Con ello, la referida Regla adopta una visión liberal y en pro de que los casos se ventilen en los méritos, al darle la oportunidad a la persona de que su reclamación sea atendida, a pesar de que originalmente se presentó a nombre de persona equivocada.
En el caso de autos, la demanda original fue presentada en el año 2005 a nombre del Sr. Pizarro, quien había muerto en el año 2000. Luego, a base de la Regla 15.1, el TPI permitió la sustitución del Sr. Pizarro por sus herederos.
Desde el momento en que éste murió, sus derechos, obligaciones y bienes se transmitieron a sus herederos. Véase, 31 L.P.R.A. sees. 2081-2085. En este caso, la sucesión del Sr. Pizarro está compuesta de sus dos hijos, Rafael Daniel y Rebecca, quienes fueron declarados sus herederos el 13 de noviembre de 2001. Por lo tanto, los hijos del Sr. Pizarro adquirieron la titularidad sobre los derechos, obligaciones y bienes pertenecientes al causante.
Surge del expediente que el vehículo confiscado aparecía a nombre del Sr. Pizarro en la División de Vehículos de Motor del Departamento de Transportación y Obras Públicas de Puerto Rico y que en virtud de ello, el Departamento de Justicia emitió la notificación de la confiscación a nombre de éste. Ahora bien, ante el fallecimiento del Sr. Pizarro en el 2000, sus herederos adquirieron la titularidad sobre el vehículo confiscado y se convirtieron en las personas con derecho para reclamar la devolución del bien mueble incautado.
Ciertamente, resultó ser un error haber presentado la demanda a nombre del Sr. Pizarro y no a nombre de los recurridos, pues al estar muerto no tenía capacidad jurídica para demandar. 31 L.P.R.A. see. 82. Sin embargo, en tal acción había una reclamación válida perteneciente a sus herederos, máxime cuando éstos han' alegado reiteradamente que los cargos criminales que provocaron la confiscación fueron archivados antes de la etapa del juicio.
"Debemos tener presente que las confiscaciones no son favorecidas por los tribunales y que lo estatutos que las autorizan deben interpretarse restrictivamente de manera que dicho proceso sea consistente con la justicia y los dictámenes de la razón. (Casos omitidos) Afin con lo anterior, la tendencia en nuestra jurisdicción ha sido hacia la atenuación de la severidad de la confiscación (Casos omitidos). ” Suárez v. ELA 162 DPR 43, 64 (2004).
Ante tal escenario, colegimos que el TPI no actuó contrario a derecho o irrazonablemente al permitir la sustitución de parte, pues existe una reclamación válida por parte de los recurridos hacia el ELA. Con la referida sustitución se cumplió con el cometido de la Regla 15.1, ya que se protegió una acción judicial genuina.
Somos también del criterio que la sustitución es cónsona con la política de que los casos se atiendan en los méritos. Sabido es que en nuestro ordenamiento jurídico existe una vigorosa política judicial de que los casos se vean en los méritos. Global v. Salaam, 164 D.P.R. 474 (2005); Valentín v. Mun. de Añasco, 145 D.P.R. 887 (1998); Rivera et al. v. Superior Pkg., Inc. et al., 132 D.P.R. 115, 124 (1992); Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664 (1989); Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817 (1980); Arce v. Club Gallístico de San Juan, 105 D.P.R. 305 (1976); Acevedo v. Compañía Telefónica de P.R., 102 D.P.R. 787 (1974); Ramírez de Arellano v. Srio de Hacienda, 85 D.P.R. 823 (1962). “El deber esencial de los tribunales, a fin de cuentas, es interpretar la ley para impartir justicia. ” Coll v. Picó, 82 D.P.R. 27, 38 (1960). Además, en Millón v. Caribe Motors Corp., 83 D.P.R. 494, 508 (1961), se señaló que “[l]a justicia no puede frustrarse en nombre de reglas que se originaron con el propósito de facilitar su administración.” Por ejemplo, en León v. Rest. El Tropical, 154 D.P.R. 249 (2001), el Tribunal Supremo reiteró lo expresado en Serra v. Autoridad de Transporte, 68 D.P.R. 626, 629 (1948), a los fines de enfatizar que el deber judicial es “impartir justicia y no dejarnos llevar por tecnicismos”. De este modo, se expresó en dicho último caso:
*1186 “Creemos que ya es tiempo de que los litigantes se den cuenta de que este Tribunal hará todo lo que esté a su alcance para que los casos sean resueltos en sus méritos y no por sutilezas legales de alegaciones y procedimientos... Hace tiempo que los tribunales han abandonado la teoría de que impartir justicia constituye un juego. Los litigantes deben hacer lo mismo. Ninguna parte en un procedimiento tiene un interés adquirido en los errores gramaticales y de procedimiento incurridos por su adversario. ’’ Serra v. Autoridad de Transporte, supra, a la pág. 629.
La desestimación es una medida drástica que priva a un litigante de tener su día en corte y, por tanto, debe ser utilizada con cautela. Amaro González v. First Fed. Savs., 132 D.P.R. 1042 (1993). En los últimos tiempos, la tendencia es que la desestimación es el último recurso que deben emplear los tribunales y dicha tendencia se ha perpetuado tanto en la jurisprudencia como en las leyes. En razón de ello, la Regla 15.1 de*Procedimiento Civil, supra, tiene una visión liberal a favor de la sustitución y de que los casos de se vean en los méritos.
Ahora bien, debemos puntualizar que hace aproximadamente 80 años, el Tribunal Supremo atendió una controversia similar a la que hoy nos ocupa. En el caso Bernabé v. Corte de Distrito, 38 D.P.R. 723 (1928), el Tribunal Supremo determinó que una acción a nombre de una persona fallecida era nula. Resolvió que no procedía la sustitución del fallecido con sus herederos, pues el tribunal no adquirió jurisdicción sobre éste. No obstante, nuestro derecho procesal vigente ha sufrido un cambio liberalizador y flexible al incorporar a las Reglas de Procedimiento Civil de 1979 la enmienda efectuada a la Regla 17(a) de Procedimiento Civil federal a los efectos de que un pleito no será desestimado por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama.
IV
Por los fundamentos expuestos, se deniega el auto de certiorari solicitado.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Dimarie Alicea Lozada Secretaria del Tribunal de Apelaciones
ESCOLIOS 2009 DTA 67

1. Apéndice del recurso, pág. 59.

2. Apéndice del recurso, pág. 71.

3. Certiorari, pág. 10.

4. R. Hernández Colón, Práctica Jurídica de Puerto Rico — Derecho Procesal Civil, 4ta Edición, Lexis Nexis de Puerto Rico, Inc., San Juan, 2007, a la pág. 126.

5. La Regla federal lee como sigue:

“Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, o a party authorized by statute may sue in that person’s own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. ”

6. Wright, Miller & Kane, Federal Practice and Procedure, Civil 2nd, (1990), Vol. 6A, pág. 325.

7. Wright, Miller & Kane, op.cit., Vol. 6A, págs. 412^414.